
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN 22 2020
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JIMMY DEMARET DONALD JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-083-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Jimmy Demaret Donald Jr., a state prisoner who was confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) at the time the petition was filed, against Lorie Davis, director of that division, respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. Procedural History**

In 2007 petitioner pleaded guilty pursuant to a plea agreement to burglary of a habitation in Tarrant County, Texas, Case No. 1080135W, and was sentenced to 17 years' confinement. (SHR04[1] 5, doc. 18-7.) In May 2016, petitioner was released on

---

[1] "SHR04" refers to the record of petitioner's habeas proceeding in WR-26,714-04.

mandatory supervision, which was subsequently revoked in April 2018. (Resp't's Answer 15, doc. 20.) This case involves TDCJ's forfeiture of petitioner's previously accrued work-time credits upon revocation of his supervised release. (Pet. 6-7, doc. 1.) He requests that TDCJ be required to permanently restore his previously earned work time to his prison records. (Pet. 7, doc. 1; Pet'r's Traverse 4, doc. 23.)

Respondent has provided the affidavit of Charley Valdez, a Program, Supervisor III for the TDCJ's Classification and Records Department, providing the following time-credit information for petitioner:

> Offender Donald was received into TDCJ custody on 11/07/2007 from Tarrant County on two 17 -year sentences. Offender Donald was convicted by Criminal District Court Number One for the following:
>
> - Burg Habit, under Cause Number 1080135W. Offender Donald was convicted for an offense occurring on 08/17/2007, with sentencing on 09/14/2007, and sentence to begin on 08/17/2007.
>
> - Att Burg Habit, under Cause Number 1080138W. Offender Donald was convicted for an offense occurring on 08/17/2007, with sentencing on 09/14/2007, and sentence to begin on 08/17/2007.
>
> Offender Donald was released from TDCJ custody to mandatory supervision on 05/17/2016.
>
> A pre-revocation arrest warrant was issued on 09/09/2016 by the Parole Division and executed on 09/09/2016 in Denton County.
>
> Offender Donald was convicted by the 16th District Court of Denton County and received a 4-year sentence

for the following:

- Burg Habit, under Cause Number F17-997-16. Offender Donald was convicted for an offense occurring on 09/09/2016, with sentencing on 03/21/2016, and sentence to begin on 09/09/2016.

Offender Donald's mandatory supervision was revoked on 04/03/2018, and Offender Donald was transferred to TDCJ custody on 04/26/2018. Because the remaining portion of his sentence was greater than the amount of time from his release date to the date the warrant was issued, Offender Donald forfeited 3 months and 22 days of calendar street-time. He also forfeited any previously accrued good time. Offender Donald received jail credit from 09/09/2016 to the present.

A Time Dispute Resolution Form was received from Offender Donald on 08/03/2018. On 08/24/2018, Offender Donald was advised: "4.26.18: RET'D FROM MS STATUS FROM DENTON CO W/NEW 4YR CONV. OOC 3M 22D. JAIL GT ALLOWED FROM 9/9/16 ONLY. L1 EFF 9/9/16. DENIED STREET TIME PURSUANT GOV CODE 508.283(C) MID POINT DATE OF 7/1/20 NOT MET."

(Resp't's Answer Ex. 1, doc. 20.)

Petitioner has notified the court of an address change, and telephonic communication with TDCJ confirms that he was re-released on parole in November 2019. (Notice, doc. 24.) Thus, the following discussion addresses his claims to the extent they have not been rendered moot by his release.

## II. Standard of Review

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state

3

court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court.[2] 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011).

The statute also requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. A petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Further, when the Texas Court of Criminal Appeals denies a federal claim in a state habeas-corpus application without written opinion, a federal court may presume "that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary" and applied the correct "clearly established federal law" in making its decision. *Johnson v Williams*, 568 U.S. 289, 298 (2013); *Richter*, 562 U.S. at 99; *Schaetzle v. Cockrell*, 343 F.3d

---

[2]Therefore, to the extent petitioner asserts a violation(s) of state law or the state constitution, he fails to allege a cognizable basis for federal habeas-corpus relief. *Fuller v. Johnson*, 158 F.3d 903, 908 (5th Cir. 1998).

4

440, 444 (5th Cir. 2004).

### III. Discussion

Petitioner acknowledges that his work-time credits were forfeited as a result of the revocation of his supervised release, however he tries to draw a distinction between "good time" and "work time" on the basis that "work time" is something earned and that the mandatory language in Texas Government Code § 497.009 (Participation in Work Program Required") that a "prisoner shall, will, or may receive pay for work" creates a protected liberty interest in work time that should not be "taken without notice and without due process of law." (Pet'r's First Am. Mem. 1-4, doc. 9.)

Petitioner raised his claims in a state habeas-corpus application, and a state magistrate judge found that, under the law in effect at the time of petitioner's offense, TDCJ "*may not restore good time forfeited on a revocation*" and concluded that petitioner's work-time credits were properly forfeited as good-time credits because his mandatory supervision was revoked. (SHR04 53, doc. 18-7 (emphasis in original).) The trial court adopted the actions of the magistrate and the Texas Court of Criminal Appeals denied the application without written order. (Id. at 57; Action Taken, doc. 18-6.) Petitioner fails to present clear and convincing evidence to rebut the state court's factual findings; thus, this court must defer to those findings. Having

done so, petitioner fails to demonstrate that the state courts' determination is contrary to, or an unreasonable application of, federal law.

To the extent petitioner asserts a violation of his due process rights, the claim is meritless. There is no federal constitutional right to restoration of time credits forfeited when a prisoner's administrative release is revoked. And, as a matter of state law, work-time credits are to be treated as good-time credits, which are considered a "privilege and not a right." *See* TEX. GOV'T CODE ANN. §498.003(a), (d) (West 2012). Texas case law has clarified that "good-time is not a vested right, but rather is a privilege which may be forfeited . . . by violating the guidelines of a conditional release program." *Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983). Thus, state law does not create a protected liberty interest in the restoration of forfeited good-time credits. *Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997).

Petitioner's ex-post-facto claim is equally without merit. At all relevant times, Texas law has specifically recognized that good-time credits apply only to an inmate's eligibility for parole or mandatory supervision, and not to the length of his sentence. *See* TEX. GOV'T CODE ANN. § 498.003(a) (West 2012). Because good-time credit has no effect on the length of the sentence imposed, an inmate's punishment is not increased by the

6

forfeiture of previously earned good time credits. *See Hallmark,* 118 F.3d at 1077; *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). Further, since 1995 Texas Government Code § 498.004(b) has expressly provided for automatic forfeiture of previously earned good time upon revocation of mandatory supervision or parole. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 321, § 1.049, 1995 Tex. Gen. Laws 918, 2784 (currently TEX. GOV'T CODE ANN. § 498.004 (West 2012)). Consequently, there was indeed fair warning of the forfeiture of good-time credits and the consequences thereof.

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED January 22, 2020.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE